UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE PACKAGED ICE ANTITRUST LITIGATION | Case No. 08-MD-01952 |
| | Paul D. Borman<br>United States District Judge |
| INDIRECT PURCHASER ACTION | |
| | R. Steven Whalen<br>United States Magistrate Judge |

_____

| | |
|---|---|
| WAYNE STANFORD, | |
| | Case No. 10-11689 |
| Plaintiff, | |
| | Judge Paul D. Borman<br>United States District Judge |
| v. | |
| | R. Steven Whalen<br>United States Magistrate Judge |
| KEITH CORBIN, et al. | |
| Defendants. | |

_____/

**ORDER**
**PURSUANT TO FED.R.CIV.P 11(c)(3) REQUIRING THE JONES DAY AND DYKEMA LAW FIRMS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR THE JANUARY 14, 2011 FILING OF A FRIVOLOUS "MOTION FOR CLARIFICATION OF JANUARY 10, 2011 ORDER," THAT ASKS: DOES "PRESENT" MEAN "PRESENT"? DO "INDEMNIFICATION AGREEMENTS" MEAN "INDEMNIFICATION AGREEMENTS"?**

In the instant cases, the Jones Day and Dykema law firms represent three separate Individual Defendants as well as the Arctic Glacier Corporate Defendants.

The Court has determined that this brings into play Michigan Rule of Professional Conduct (MRPC) 1.7, applicable to representation of multiple clients where such representation

1

could involve antagonistic interests among the clients.

The United States District Court for the Eastern District of Michigan has adopted the MRPC as the applicable federal rules of professional conduct.  *See* E.D. Mich. L.R. 83.22(b); *Centra, Inc. v. Estrin*, 538 F.3d 402, 409 (6th Cir. 2008).  This Court takes seriously the MRPC, and the similar concerns discussed in Restatement (Third) of the Law Governing Lawyers (Restatement) and the 2007 edition of the American Bar Association's (ABA's) 1983 Model Rules of Professional Conduct (ABA Model Rules), which "are consistent with Michigan's Rules of Professional Conduct in all respects that now appear relevant to this case."  *Centra,* 538 F.3d at 410.

Jones Day and Dykema have created the instant conflict situation, by representing all four parties.  Pursuant to the aforementioned Rules, the Court must provide conflict advice to each party and thereafter ascertain whether that party consents to waive the conflict. Indeed, the Sixth Circuit has noted that "there are some conflicts of interest to which a client may not consent":

> For example, a lawyer may not represent
> multiple parties to a negotiation whose interests
> are fundamentally antagonistic to each other.

*Centra,* 538 F.3d at 412-413. Whether the individual Defendants interests are fundamentally antagonistic to each other is a matter for determination at the hearing set for February 2, 2011.

The Sixth Circuit has noted that the Restatement advises that: "Informed consent requires that the client or former client have reasonably adequate information about the material risks of such representation to that client," and further:

> Notwithstanding the informed consent of each affected client or
> former client, a lawyer may not represent a client if:

2

>  . . .
>  (c) in the circumstance it is not reasonably likely that the lawyer
>  will be able to provide adequate representation to one or more of
>  the clients.

Given the appearance of a significant conflict in the instant case, on January 10, 2011, this Court ordered that "All Defendants, individual and corporate, are required to be present" at a February 2, 2011 hearing on the propriety of representation of multiple Defendants by one set of attorneys from Jones Day and Dykema.

No mystery here: present means physically present. The Court made it clear that in-person questioning is necessary to permit the Judge to determine whether they can, or choose to waive the conflict. This can only occur after informing the individual defendants of the potentially serious ramifications of allowing one firm to represent them, their former employers and their co-Defendants, and how that might adversely affect them in different ways.

Jones Day and Dykema, having created this scenario, now seek to prevent those in potential conflict peril from direct contact with the Court as required by the January 10th Order, by absenting them from the courtroom. As a fallback, Jones Day and Dykema propose having lawyers who don't represent the individual defendants in this case, come to this Court to represent them in this case at this hearing – again of course without the parties being present.

This attempt by Jones Day and Dykema, to gut the Court's loud and clear Order of January 10, 2011, and thereby create a sham proceeding on February 2, 2011 by excluding the required parties and documents, will not abide!

The indemnification and retainer agreements required under the January 10, 2011 Order, mean indemnification and retainer agreements between Arctic Glacier and Individual Defendants. No mystery here, either.

Finally, if Defendant Corbin is too ill to travel to this Court, the Court will travel to Nashville, Tennessee to deal in person with his conflict situation.

The hearing on the propriety of Jones Day and Dykema's representation of multiple Defendants will proceed as set forth in this Court's January 10, 2011 Order, with the required agreements being provided to the Court in advance of the hearing. In addition, the Court will deal with the issue of Rule 11 Sanctions against Jones Day and Dykema for filing the instant frivolous motion at the proceeding on February 2, 2011.

SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 21, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 21, 2011.

S/Denise Goodine  
Case Manager